David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

---

Radames Arzon,

        Plaintiff,

        - against -

Smokin Aces Inc.;
Aces Towing & Collision Inc.
AA's Towing & Collision Inc. &
Kenny Hernandez,

        Defendants.

No.

**Complaint**

---

Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1. This is an action for unpaid wages and overtime under the Fair Labor Standards Act; the New York Minimum Wage Act and New York Labor Law. Plaintiff also asserts a claim for violation of the Wage Theft Prevention Act.

**II.    Parties**

2. Plaintiff is a natural person.

3. Defendants Smokin Aces Inc.; Aces Towing & Collision Inc.; and AA's Towing & Collision, Inc. (collectively, the "Corporate Defendants") are New York business corporations with principle places of business in the State of New York, County of Kings.

4..     Defendant Kenny Hernandez ("Mr. Hernandez" or the "Individual Employer") is a natural person who resides in the State of New Jersey.

### III.    Venue and Jurisdiction

5.     The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

6.     The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff out of their towing facility in the State of New York.

6.     Venue is appropriate in that the Corporate Defendants reside in the State of New York, County of Kings.

### IV.    Background

7.     At all times relevant to this complaint, upon information and belief, the Employer operated a towing service.

8.     More specifically, the Individual Defendant owned an operated a towing service. The Individual Defendant operated through multiple corporations in order to obtain more business from the New York City DARP program.

9.     Nevertheless, the Corporate Defendants were all operated in concert with the same owner and equipment.

10.    For approximately 6 months until his job ended in or about June of 2016, Plaintiff was employed by the Corporate Defendants as a tow truck driver. In the aggregate, he worked 6 or 7 days per week, with an 8 hour daily shift plus additional on-call time. For this, he was paid $100 per day plus $50 per tow with no overtime premiums even though he regularly worked well in excess of 40 hours per week.

11.     Plaintiff reported to the Individual Employer as his supervisor.  The Individual Employer is the owner and primary principal of the Corporate Defendants.  He directed Plaintiff's work and was responsible for setting Plaintiff's rate of pay.

12.     The Individual Employer resides in New Jersey and regularly contacted Plaintiff by means of interstate telephone calls place from New Jersey to Brooklyn where Plaintiff normally worked.

13.     In addition, Plaintiff regularly made use of Defendants' credit card to purchase gasoline for the tow truck he used.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

14.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

14.     Plaintiff was an employee of the Defendants within the meaning of the New York Minimum Wage Act and accompanying regulations.

15.     The Defendants were employers of Plaintiff within the meaning of those same regulations.

16.     The Defendants violated the above law and regulations in that they did not properly compensate Plaintiff for the hours and overtime hours he worked.  Further, the Defendants violated the Labor Law by failing to give Plaintiff the proper WTPA disclosures.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

17.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

18.     Plaintiff was "in commerce" within the meaning of the Fair Labor Standards Act in that he regularly was a party to interstate telephone calls as part of his job duties.

Further, his use of a credit card necessarily entailed the transmission of information by wire across state lines.

19. Accordingly, Plaintiff's employment was subject to the Fair Labor Standards Act.

20. The Defendants violated the Fair Labor Standards Act in that they did not properly compensate Plaintiff for the hours and overtime hours he worked.

WHEREFORE Plaintiff demand judgment against the Defendants in the amount of his unpaid back wages, overtime and liquidated damages, in an amount not more than $50,000.00 which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                  Respectfully submitted,

                                  David Abrams
                                   Attorney for Plaintiff
                                  305 Broadway Suite 601
                                  New York, NY 10007
                                  Tel. 212-897-5821
                                  Fax    212-897-5811

Dated: January 31, 2017
New York, New York